1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7                                            DISTRICT OF NEVADA

8                                                 * * * * *

9    CAROLYN GARRETT,                          )
                                               )
10                        Plaintiff,           )    3:14-cv-00141-LRH-WGC
                                               )
11   vs.                                       )    ORDER
                                               )
12   GARRETT BULLOCK; DIANN MARTIN;            )
     CATHERINE HINTZEN; JASON                  )
13   GARRETT,                                  )
                                               )
14                        Defendants.          )
     _____ )

15

16          Before the Court is Carolyn Garrett's ("Garrett") Motion for Clarification of Orders (Doc.

17   #96),[1] and Motion for Stay Pending Appeal (Doc. #98).  Remaining Defendants Garrett Bullock,

18   Diann Martin, Catherine Garrison, and Jason Garrett did not file responses.

19          On March 10, 2015, the Court entered an Order granting Garrett's Motion for Joinder in

20   part, denying Garrett's Motion for Summary Judgment, granting Garrett's Motion for Default

21   Judgment, and denying Garrett's Motion for Further Extension to File a Motion for Judgment on

22   the Pleadings.  Doc. #71.  The Court also granted UBS's Motion to Deposit Funds, Motion for

23   Discharge, Motion for Permanent Injunction, and Motion to File for Reasonable Attorney Fees.

24   *Id.*  UBS filed its Motion for Attorney Fees on March 16, 2015 (Doc. #72), and Garrett filed a

25   Motion to Reconsider on April 7, 2015 (Doc. #77).  On May 28, 2015, the Court denied Garrett's

26   Motion to Reconsider, and granted UBS $20,000 in attorney fees.  Doc. #91.  On June 25, 2015,

27   Garrett filed a Notice of Appeal (Doc. #97), and a Motion to Stay pending her appeal (Doc. #98).

28   _____

            [1] Refers to the Court's docket number.

## A.     Motion for Clarification

Garrett uses her Motion to Clarify largely as an opportunity to challenge the Court's Order granting attorney fees to former interpleader plaintiff UBS (Doc. #91), and to reargue her claims that UBS acted improperly throughout the interpleader proceedings, and that the Court improperly denied Garrett her final request for additional time to file a motion for judgment on the pleadings.  It is improper for parties to use motions to reconsider or clarify merely to reargue their positions. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp*., 248 F.3d 892, 899 (9th Cir. 2001).  The Court has already found that UBS's actions were not improper (Doc. #71 at 9; Doc. #91 at 8-9), and believes that further clarification on that point is not needed. Additionally, the Court previously explained that it did not grant Garrett's final request for additional time to file a motion for default judgment because the Court had already granted Garrett numerous extensions of time and Garrett failed to abide by the Court's time line despite two warnings that no further extensions would be granted.  *See* Doc. #91 at 7.  That said, the Court will respond to those portions of Garrett's Motion to Clarify that appear to appropriately seek clarification.

First, Garrett asks when she can file for a re-tax of costs pursuant to Local Rule 54-14. Rule 54-14 states that "[a]ny motion to retax costs shall be filed and served within seven (7) days after receipt" of the clerk of court's notice of taxation of costs provided for in Local Rule 54-13. UBS filed its Bill of Costs on March 16, 2015, requesting $1,060.00 in costs related to service of summonses and subpoenas.  Doc. #73.  The clerk of court has not yet filed notice of taxation of costs, so the seven days in which to respond has not yet begun.

Second, Garrett requests clarification regarding the Court's non-itemized award of attorney fees.  "The amount of attorney fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).  Attorney fees to banks in interpleader actions are "typically modest," and compensable expenses include "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the stakeholder from liability and dismissing it from the action."  *Id.* at 426-27.  An award of

1    attorney fees in an interpleader action is typically calculated based on the lodestar

2    method—multiplying a reasonable fee by the number of hours reasonably expended.  *See John*

3    *Hancock Life Ins. Co. (U.S.A.) v. Jacobs*, No. 2:13-cv-0557, 2014 WL 587521, at *2 (D. Nev.

4    Feb. 13, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Courts can reduce a

5    bank's lodestar figure to ensure that it is not excessive compared to the interpleaded fund.  *Tise*,

6    234 F.3d at 427.

7         UBS requested that the Court award attorney fees based on the lodestar method in the

8    amount of $43,551.90, which represented a total of 133.80 hours of work at a blended hourly rate

9    of $325.50.  The Court found this figure to be excessive compared to the total value of the

10   interpleaded fund.  Doc. #91 at 11.  However, the Court recognized that UBS expended

11   significant time and effort responding to Garrett's numerous pleadings, which required written

12   responses and court appearances.  After reviewing UBS's itemized documentation of hours

13   expended in this case (Doc. #72, Ex. B), the Court determined that an award of $20,000 in

14   attorney fees was appropriate and fair to compensate UBS without depleting the funds available

15   to claimants.  Doc. #91 at 11.  The Court reiterates that it believes this to be an appropriate award

16   of attorney fees, and that the reduction of UBS's lodestar was within the Court's discretion.  *Tise,*

17   234 F.3d at 426.

18        Third, Garrett requests clarification for what she considers "conflicting rulings."  On the

19   one hand, the Court reaffirmed its denial of Garrett's final motion for extension of time to file a

20   motion for judgment on the pleadings—filed three weeks after the final deadline set by the Court,

21   and after the Court twice warned that it would not grant further extensions.  Doc. #91 at 7.  On

22   the other hand, the Court found that Garrett failed to show that the Court's prior rulings were

23   obtained by UBS's fraud.  *Id.* at 9 n.6.  Garrett argues that these rulings are conflicting because

24   the Court effectively prevented Garrett from presenting such evidence by declining to grant an

25   additional extension of time.  However, Garrett argued in multiple previous briefings that UBS

26   engaged in misconduct throughout the interpleader process, and the Court nonetheless found that

27   no evidence supported these claims.  Doc. #71 at 9; Doc. #91 at 8-9.  Moreover, it was within the

28   Court's discretion to deny a further extension of time given Garrett's repeated failure to meet the

3

1   Court's deadlines. *See Manley v. Zimmer*, No. 3:11-cv-0636, 2014 WL 4471662, at *6 (D. Nev.

2   Sept. 10, 2014) ("[I]t is the trial court's responsibility to exercise its discretion in granting or

3   denying extensions of time as it manages the progress of litigation.").

4        **B.     Motion to Stay**

5        A party must seek leave to file an interlocutory appeal. *See Hughes v. Sharp*, 476 F.2d

6   975, 975 (9th Cir. 1973) (finding that the appellate court lacked jurisdiction where petitioner did

7   not seek leave to file an interlocutory appeal). District courts can interpret a timely notice of

8   appeal as a motion for leave to appeal. *See, e.g.*, *In re Frick*, No. 3:11-cv-0898, 2012 WL

9   3206527, at *6 (D. Nev. Aug. 3, 2012). Application for an interlocutory appeal "shall not stay

10  proceedings in the district court unless the district judge or the Court of Appeals" so orders. 28

11  U.S.C. § 1292(b). "The decision whether to grant leave to file an interlocutory appeal is . . .

12  discretionary, and 'should be granted sparingly' and only in 'rare cases.'" *Evon v. Law Offices of*

13  *Sidney Mickell*, 688 F.3d 1015, 1023 n.2 (9th Cir. 2012) (internal citations omitted).

14       The Court has reviewed Garrett's Motion for Stay pending appeal, and determines that a

15  stay is not warranted at this time. Accordingly, the Court denies Garrett's Motion for Stay

16  Pending Appeal.

17       **C.     Show Cause Hearing**

18       The parties have failed to submit an acceptable joint pre-trial order. Doc. #92; Doc. #95.

19  To address this issue, Magistrate Judge William Cobb has scheduled a show cause hearing on

20  Friday July 17, 2015, at 10:00 am in Reno Courtroom 2. Doc. #92. The District Judge and the

21  Magistrate Judge will both be present at this hearing. The Court strongly encourages all parties

22  to appear, either telephonically or in person. Parties wishing to appear telephonically shall dial

23  1-877-873-8017, enter access code 3416460, and enter the security code 71715 approximately

24  five (5) minutes prior to the hearing.

25  **D.     Conclusion**

26       IT IS THEREFORE ORDERED that Garrett's Motion for Clarification (Doc. #96) is

27  GRANTED.

28  ///

1        IT IS FURTHER ORDERED that Garrett's Motion to Stay pending appeal (Doc. #98) is

2  DENIED.

3        IT IS SO ORDERED.

4        DATED this 8th day of July, 2015.

5

6                               LARRY R. HICKS
                                 UNITED STATES DISTRICT JUDGE

5