UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| CAROLYN GARRETT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GARRETT BULLOCK; DIANN MARTIN;<br>CATHERINE HINTZEN; JASON<br>GARRETT,<br><br>　　　　　　Defendants. | 3:14-cv-00141-LRH-WGC<br><br>ORDER |

On July 17, 2015, the Court held a hearing before District Judge Larry R. Hicks and Magistrate Judge William G. Cobb regarding the parties' failure to submit a joint pretrial order that was acceptable to the Court. Carolyn Garrett, Garrett Bullock, Diann Martin, Catherine Hintzen Garrison, and Jason Garrett all appeared telephonically. The Court suggested to the parties that referring this case to a Magistrate Judge for settlement conference would be helpful in resolving the parties' claims. All parties agreed, and the Court stated that it would stay this case pending the forthcoming settlement conference before Magistrate Judge Robert A. McQuaid.

The Court also stated that it would file an instruction of law regarding the central issues of law before the Court. In Nevada, an amendment to a trust document is presumed to be void if the transfer is effective on or after the decedent's death and the beneficiary of the amendment is a caregiver of the transferor. NRS § 155.097(2)(b). A transfer to a caregiver is not presumed void if it is reviewed by an "independent attorney" who (1) counsels the transferor about the transfer;

(2) attempts to determine if the transfer is the result of fraud, duress, or undue influence; and (3) signs and delivers to the transferor an original certificate of the review. NRS § 155.0975(3). An "independent attorney" is an attorney who did not draft the instrument in question, did not serve as the transferor's caregiver, did not arrange for or pay for the drafting of the instrument in question, and did not serve as an attorney for someone who acted as the transferor's caregiver or arranged for the creation of the instrument in question. See NRS § 155.094; NRS § 155.097(2).

The undisputed facts presented to the Court are that Carolyn Garrett was the caregiver of Jo Ann Garrett and that Peter Smith served as the attorney for Jo Ann Garrett and drafted the last amendment to the trust agreement at issue in this action. As such, Smith did not qualify as an "independent attorney" under Nevada law. See Doc. #26, Ex. B; NRS § 155.094; NRS § 155.097(2)(a). The effect of his disqualification is that, under the law, the trust amendment is presumed to be invalid. This presumption will prevail unless sufficient evidence is presented to the Court at trial to satisfy the Court that the presumption has been overcome, in other words, that the amendment to the trust was freely, voluntarily and knowingly executed by Jo Ann Garrett without undue influence by Carolyn Garrett. If the Court determines that the presumption has been overcome, the Court will order that the trust be distributed in accordance with the amendment. If the Court is not satisfied that the presumption has been overcome, the Court will order that the trust be distributed in accordance with the terms of the original trust.[1]

IT IS THEREFORE ORDERED that this matter is referred to Magistrate Judge Robert A. McQuaid for a settlement conference.

IT IS FURTHER ORDERED that the Court's Order that the parties submit a proposed joint pretrial order is STAYED pending settlement negotiations.

IT IS FURTHER ORDERED that Garrett's Motion for Re-Taxation of Costs (Doc. #105) and Motion for Miscellaneous Relief (Doc. #106) are STAYED pending settlement negotiations.

///

---

[1] Whatever distribution occurs, it will include payment of the awarded fees and costs to UBS Financial Services, Inc. ("UBS").

1       IT IS FURTHER ORDERED that Garrett's Second Motion to Stay Pending Appeal (Doc. #107) is DENIED.  UBS's attorney fees and costs will not be paid until the Court enters judgment for UBS.  Since the Court has not yet entered judgment, it is not necessary to stay the Court's Order granting UBS attorney fees at this time.  The Court notes that once the Court enters judgment, UBS will be entitled to the attorney fees awarded plus interest at the Nevada interest rate beginning May 28, 2015, the date the Court granted UBS's motion for attorney fees.

   IT IS SO ORDERED.

   DATED this 21st day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE