# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN GARRETT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GARRETT BULLOCK, et al.,<br><br>　　　　Defendants. | 3:14-cv-00141-LRH-WGC<br><br>**ORDER**<br><br>**re: ECF No. 134** |

Before the court is Plaintiff's Motion for Discovery and Revision of the Joint Scheduling Order. (ECF No. 134.)[1] Plaintiff's motion is denied for the reasons set forth in this order.

The court previously entered a Discovery Plan and Scheduling Order on July 9, 2014. (ECF No. 38.) Although the case at that time was generally characterized as an "interpleader action" (*id*., at 1), paragraph 2 of the discovery plan identified factual and legal issues that are also currently relevant to this case:

> 2). <u>A description of the principal factual and legal disputes amongst defendants in this case.</u>
>
> Defendant-Intervenors ("Intervenors") identify the following factual and legal disputes between Intervenors and Defendant Carolyn Garrett in their Motion to Intervene:
>
> a. Interevenors question the cognitive capacity of Jo Anne Garrett as well as the undue influence that Intervenors allege was brought to bear by Carolyn Garrett.
>
> b. Defendant Carolyn Garrett denies Intervenors allegations as to the lack of cognitive capacity and allegations of undue influence.

(*Id.*, at 3, ll. 10-16.)

---

[1] Refers to court's docket number.

The July 2014 discovery plan further stated that discovery would be "needed amongst Defendants/Intervenors on <u>all issues</u> including, but not limited to, all claims and defenses within the scope of the Defendants/Intervenors pleadings." (ECF No. 38 at 4, ¶ 6.)

The remaining issue attendant to this case is identified in the proposed Joint Pretrial Order in this case, which sets for the issues to be tried as follows: "This is an action to determine the validity of the March 15, 2013 amendment to The Jo Anne Garrett Family Trust." (ECF No. 132-1.)[2]

Thus, although the gravamen of this case may have initially arisen in the context of an interpleader action, the validity of the trust's amendment remains at issue, just as it was at the outset. Therefore, if the parties had any discovery which needed to be conducted on the trust's amendment, that discovery should have been undertaken and completed as the parties' discovery plan proposed.

Discovery would be completed, the parties represented (and the court approved) by October 7, 2014. (ECF No. 38 at ¶ 7.) It appears from Plaintiff's current motion that no discovery was undertaken. Plaintiff now seeks to do the discovery which should have been undertaken months ago.

On March 30, 2015, District Judge Larry R. Hicks entered an order granting's Plaintiff's motion to be joined as Plaintiff. (ECF No. 71 at 5.) The court denied Plaintiff's motion for summary judgment, without prejudice, "...because Garrett has failed to show there are no genuine issues of material fact." (*Id.*, at 7.) Judge Hicks further directed the matter be referred to the undersigned to conduct a scheduling conference. (*Id.*, at 11.) The conference was scheduled for – and conducted on – March 30, 2014. (ECF No. 74.) However, because of the nonappearance of the Defendants, the conference was continued to April 22, 2015. (ECF No. 76.)

At the April 22, 2015 hearing, the court advised the parties that "discovery in this matter is complete." As such, the parties were instructed to proceed with the preparation and completion of the required Joint Pretrial Order. (ECF No. 85 at 2.) No party, Plaintiff in particular, objected to the court's finding discovery was complete.

///

///

---

[2] The parties all agreed to this characterization of the issue in dispute at the court's hearing on the Joint Pretrial Order. (ECF No. 132.)

After several ill-fated attempts by the parties to complete a <u>Joint</u> Pretrial Order,[3] the court did so itself with the parties on October 20, 2015. (ECF Nos. 132, 132-1.) When the court was undertaking the painstaking process of getting the parties to prepare and complete the Joint Pretrial Order, Plaintiff made no request to defer doing so to allow Plaintiff to undertake discovery.  Plaintiff's oral motion to re-open discovery only came after the court itself, after considerable effort, cobbled together a Proposed Joint Pretrial Order. (ECF No. 132.) The court denied Plaintiff's motion as not being timely and that the deadline for completion of discovery "has long expired." (*Id*., at 1.)

As noted above, discovery under the original discovery plan and scheduling order was to have been completed by October 7, 2014. (ECF No. 38 at 7.) Discovery was to address "all issues." (*Id.*, at 4.) No timely request was made by Plaintiff to extend or re-open discovery. When the court stated discovery was completed at the April 22, 2015 hearing, Plaintiff made no objection to that finding nor any request to extend discovery.  (ECF No. 85.)

Plaintiff's motion for discovery (ECF No. 134) is untimely and came after the case was readied for trial.  Re-opening discovery at this juncture would essentially void the Joint Pretrial Order and likely delay the trial of this matter by a year or more.[4]

Plaintiff's motion (ECF No. 134) is **DENIED.**

IT IS SO ORDERED.

DATED:  October 29, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[3] See, ECF Nos. 76, 85, 90, 92, 95, 108, 124, 127, 130, 131, 132)

[4] Plaintiff's motion is also not in compliance with Local Rule 16-4(c), which provides a motion to extend discovery is to include a statement <u>why</u> discovery was not completed within the time limits set by the discovery plan. As a purported explanation, Plaintiff states that:
> "Therefore, after the Scheduling Order was approved by this court on July 9, 2014, there was not any hearing or Status Conference that could have informed a new, in pro per party that the Schedule had changed. More importantly there was no time or hearing set aside by the court which allowed a pro per party to ask about or object to, the lack of adherence to the Scheduling Order; before the December 11, 2014 Court Order announced the entire process was over. (Doc. # 64).

Plaintiff is no stranger to the motion process, as the docket in this case reflects.  While there may not have been a specific hearing advising the pro per parties "that the schedule had changed" (it had not; there was no alteration of the discovery plan), Plaintiff could have easily filed a more timely motion to re-open discovery. Additionally, there was in fact a hearing (April 22, 2015) where the parties were advised by the court that discovery was completed and no objection was lodged by Plaintiff, who was a participant in that hearing. (ECF NO. 85 at 2.)