UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

CAROLYN GARRETT,

    Plaintiff,

v.

GARRETT BULLOCK, DIANN MARTIN, CATHERINE HINTZEN, JASON GARRETT,

    Defendants.

3:14-CV-00141-LRH-WGC

ORDER

    Trial of this matter came before the Court sitting without a jury on February 16, 2016, with the parties appearing *pro se*. Plaintiff, Carolyn Garrett ("Carolyn"), and Defendant, Diann Martin ("Diann"), appeared in the courtroom. Defendants Garrett Bullock, Catherine Hintzen, and Jason Garrett were connected to the proceedings via telephone.

**I.     FACTS AND PROCEDURAL HISTORY**

    This is a case involving the validity of a trust amendment that initially arose through an interpleader action brought by UBS Financial Services ("UBS") following the death of Jo Anne Garrett ("Jo Anne"), the Trustor of the Jo Anne Garrett Family Trust Agreement, dated August 12, 2002, (the "Trust"). Specifically, certain family members challenged a 2013 trust amendment executed by Jo Anne that left all of her trust assets to her daughter, Carolyn, effectively disinheriting other family members who would have been entitled to distributions under the Trust prior to amendment. On March 10, 2015, UBS Financial Services ("UBS"), the financial institution instituting the interpleader, was discharged. Doc. #71. Pursuant to the same March 10, 2015 Order, UBS deposited the disputed funds, in the amount of $193,194.44, on April 14,

2015, with the Clerk of the Court to be held in an interest bearing account. Doc. #79. On May 28, 2015, UBS's Motion for attorney fees and costs was granted in part, awarding UBS $20,000.00 in attorney fees. Doc. #91. And, on July 10, 2015, $1,060.00 in costs were awarded to UBS by the Court Clerk. Doc. #102.

## II.   LEGAL AND FACTUAL ISSUES TO BE DETERMINED AT TRIAL

The Court addresses the following issues:

1. Whether Carolyn acted as a caretaker, as defined in NRS § 155.0935, for Jo Anne;
2. Whether Peter J. Smith, Esq., acted as an independent attorney as contemplated by NRS § 155.093 et seq.;
3. Whether the Certificate of Independent Review executed by Peter J. Smith, Esq., was valid and in conformity with Nevada state law; and
4. Whether the March 15, 2013, Amendment to the Trust (the "Amendment"), was a valid amendment.

## III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

The statute at issue in this matter, NRS Chapter 155, was modified in 2015 by S.B. 484. The Court interprets NRS Chapter 155 in the form applicable in 2013. All references to NRS Chapter 155 in this Findings of Fact and Conclusions of Law are to the 2013 version of the statute unless specifically provided otherwise. Having considered the evidence and the arguments of the parties, the Court makes the following findings of facts and determinations of law:

**A.  Carolyn acted as a caretaker, as defined in NRS §155.0935, for Jo Anne Garrett.**

The applicable Nevada law in 2013 defined a caregiver as "any person who has provided significant assistance or services to or for a person, regardless of whether the person is incompetent, incapacitated or of limited capacity and regardless of whether the person is being compensated for the assistance or services provided." Nev. Rev. Stat. Ann. § 155.0935 (2013). No Nevada cases interpret the definition of a caretaker pursuant to NRS § 155.0935, but there is a helpful California statute defining a caretaker. California's statute defining a caretaker is

2

1  narrower than Nevada's, in that it only deals with a "care custodian" who provides "health and
2  social services" to a "dependent adult." Cal. Prob. Code § 21362 (2015). Nevada's law simply
3  says "significant assistance or services" and does not require that the adult be dependent.
4  Despite California's narrower definition, its statute does define the health and social services as
5  encompassing the administration of medicine, medical testing, wound care, assistance with
6  hygiene, companionship, housekeeping, shopping, cooking, and assistance with finances. *Id.*;
7  Cal. Prob. Code § 21366 (2015).

At all times relevant to this discussion, Jo Anne maintained her primary residence in the remote town of Baker, Nevada. Being that Baker is extremely small with limited services, frequent trips to Ely, Nevada, over 60 miles to the west, are necessary, particularly for a person of advanced age. Although Jo Anne did spend some time at a medical care facility in Reno, Nevada, the time periods relevant to the caretaker analysis occurred while Jo Anne was living in Baker. Jo Anne's daughter, Carolyn, lived across the highway from Jo Anne for years preceding Jo Anne's death, and the two of them regularly communicated either personally or by telephone. Although it is clear that Jo Anne had a desire to be independent, Carolyn and her husband regularly assisted Jo Anne with tasks such as property maintenance, gathering firewood, traveling to Ely for groceries, and coordinating transportation to medical appointments. Carolyn was Jo Anne's only immediate relative in the Baker area, and Carolyn was active in being available and providing support and assistance to her mother.

The Court finds that Carolyn was a caretaker, as defined in NRS § 155.0935, for her mother, Jo Anne, because she provided significant assistance to Jo Anne during a time when Jo Anne's advanced age and medical condition limited her capacity.

**B. Peter J. Smith, Esq., acted as an independent attorney as contemplated by NRS § 155.093 at seq.**

The issue of Peter J. Smith's status as an independent attorney is of principal importance, and will resolve, or render moot, the remaining issues addressed. Pursuant to the 2013 version of NRS § 155.097, "a transfer is presumed to be void if the transfer is effective on or after a transferor's death and the transfer is to a transferee who is . . . [a] caregiver of the transferor."

Nev. Rev. Stat. Ann. § 155.097 (2013). Therefore, because the Court has determined that Carolyn was a caretaker for Jo Anne, any testamentary transfer to Carolyn from Jo Anne is presumptively invalid. This presumption of invalidity can be overcome by satisfying one of the exceptions listed in NRS § 155.0975. The exceptions to NRS § 155.0975 are (1) when a transfer to a beneficiary is no greater than it would have been through intestate succession; (2) when there is a judicial determination of validity, supported by clear and convincing evidence; or (3) when an *independent attorney* issues a Certificate of Independent Review. Nev. Rev. Stat. Ann. § 155.0975 (2013). Attorney Peter J. Smith executed a Certificate of Independent Review (the "Certificate") contemporaneously with the Amendment at issue. In this matter, so long as Peter J. Smith is determined to be an independent attorney as defined in NRS § 155.094 ("Independent Attorney"), and the Court finds the Certificate was validly executed, the Amendment to the Trust will overcome the presumption of invalidity pursuant to the third exception of NRS § 155.0975.

Pursuant to NRS § 155.094, in order to be an Independent Attorney, the attorney cannot be a person "described in subsection 2 of NRS 155.097," or "[have] served as an attorney for a transferee who is described in subsection 2 of NRS 155.097." Nev. Rev. Stat. § 155.094 (2013). The people described in subsection 2 of NRS 155.097 are a transferee who is: "(a) The person who drafted the transfer instrument; (b) A caregiver of the transferor; (c) A person who arranged for or paid for the drafting of the transfer instrument; or (d) A person who is related to, affiliated with or subordinate to any person described in paragraph (a), (b) or (c)." Nev. Rev. Stat. § 155.097 (2013).

Following Jo Anne's death, Carolyn, as trustee of the Trust, by way of the Amendment, contacted Peter J. Smith to inquire about the trust administration process and retained him for a short time until they reached a disagreement. This brief engagement of Peter J. Smith by Carolyn sparked the Defense's contention that Peter J. Smith is not an Independent Attorney. The Court disagrees with this contention, and finds that Peter J. Smith was an Independent Attorney at the time he drafted the Amendment to the Trust and executed the Certificate.

A close reading of the 2013 version of NRS § 155.094 presents an ambiguity, in that it does not clarify a time period to measure an attorney's independence, it simply provides that

4

independence is impaired if the attorney "has served as an attorney for a person who is described in subsection 2 of NRS 155.097." Nev. Rev. Stat. § 155.094 (2013). The Court finds this language to mean the evaluation of an attorney's independence is to be assessed at the time of drafting the document in question, and a subsequent engagement of said attorney will not impair independence. Further, if an attorney was an Independent Attorney when the transfer document was executed, that independence cannot subsequently be impaired by briefly serving as an attorney for a person described in subsection 2 of NRS 155.097 at a later date. In order to respect the testator's intent and right to freedom of disposition, this statute cannot be read to retroactively invalidate transfer documents that were, at the time of execution, valid. The Court's opinion and interpretation of NRS § 155.094 is reinforced by changes the Nevada Legislature made to the statute in 2015 with S.B. 484. The statute now reads: an "'Independent attorney' means an attorney, other than an attorney who: . . . Served as an attorney for a person who is described in subsection 2 of NRS 155.097 *at the time of the execution of the transfer instrument*." Nev. Rev. Stat. Ann. § 155.094 (2015) (emphasis added). The statute now makes clear that independence is only assessed at the time the document in question is drafted. The Court finds that Peter J. Smith, Esq., was acting as an Independent Attorney when he drafted the Amendment to the Trust, and executed the Certificate of Independent Review.

### C. The Certificate of Independent Review executed by Peter J. Smith, Esq., was valid and in conformity with Nevada State Law.

In order for a Certificate of Independent Review to be valid and in conformity with Nevada law it must comply with NRS § 155.0975(3), which provides: "If the transfer instrument is reviewed by an independent attorney who: (a) Counsels the transferor about the nature and consequences of the intended transfer; (b) Attempts to determine if the intended consequence is the result of fraud, duress or undue influence; and (c) Signs and delivers to the transferor an original certificate of that review in substantially the following form." Nev. Rev. Stat. Ann. § 155.0975 (2013) (form omitted). The Certificate executed by Peter J. Smith complied with the requirements of NRS § 155.0975(3) both in substance and form. Because Peter J. Smith was an Independent Attorney at the time he executed the Certificate, and because he complied with the

statutory requirements of NRS § 155.0975(3), the Court finds the Certificate was validly executed, and is in conformity with Nevada law.

### D. The March 15, 2013 Amendment to the Jo Anne Garrett Family Trust, dated August 12, 2002, was a valid amendment.

The Court finds the Amendment valid and in force because the Amendment substantially complies with the requirements of NRS § 164 et seq., the Trust allows for amendment pursuant to article 5.9, the Certificate is deemed valid and there were no witnesses or other evidence presented to the Court to show that Jo Anne was not fully competent at the time she executed the Amendment.

## IV. CONCLUSION

The Court, having found the March 15, 2013 Amendment to the Jo Anne Garrett Family Trust, by Jo Anne Garrett, was validly executed by her, hereby concludes that Plaintiff, Carolyn Garrett, as sole beneficiary of the Jo Anne Garret Family Trust, is entitled to receive the funds deposited with the Court after deduction and payment by the Court Clerk to UBS of its attorney's fees and costs, plus interest, as previously awarded by the court, see Docs #91 and 102. Defendants shall not recover any trust funds; however, Defendants shall not be responsible for any costs or attorney fees incurred in this Action, other than any which they may have previously paid.

IT IS SO ORDERED.

DATED this 26th day of February, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE