UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

CAROLYN GARRETT,

    Plaintiff,

v.

GARRETT BULLOCK, DIANN MARTIN, CATHERINE HINTZEN, JASON GARRETT,

    Defendants.

3:14-CV-00141-LRH-WGC

ORDER

    Before the court are Plaintiff Carolyn Garrett's ("Garrett") Motion for Leave to File Attorney Fees and Costs (Doc. # 151), Motion Requesting Permission to Resubmit Request for Sanctions (Doc. # 152), and Motion to Stay Enforcement of Judgment Pending Appeal (Doc. # 154). Former plaintiff UBS Financial Services ("UBS") and defendants Diann Martin ("Martin"), Garrett Bullock, Catherine Hintzen, and Jason Garrett did not file a response.

**I.    FACTS AND PROCEDURAL HISTORY**

    This is a case involving the validity of a trust amendment that initially arose through an interpleader action brought by UBS following the death of Jo Anne Garrett ("Jo Anne"), the Trustor of the Jo Anne Garrett Family Trust Agreement, dated August 12, 2002 (the "Trust"). Specifically, certain family members challenged a 2013 trust amendment executed by Jo Anne that left all of her trust assets to her daughter, Carolyn, effectively disinheriting other family members who would have been entitled to distributions under the Trust prior to amendment. On March 10, 2015, UBS Financial Services ("UBS"), the financial institution holding the trust

1

assets instituting the interpleader, was discharged. Doc. #71. Pursuant to the same March 10, 2015 Order, UBS deposited the disputed funds, in the amount of $193,194.44, on April 14, 2015, with the court clerk to be held in an interest bearing account. Doc. #79. On May 28, 2015, UBS's Motion for attorney fees and costs was granted in part, awarding UBS $20,000.00 in attorney fees (Doc. #91.), and on July 10, 2015, $1,060.00 in costs were awarded to UBS by the court clerk. Doc. #102. Trial of this matter on the validity of the trust amendment came before the court, sitting without a jury, on February 16, 2016, and the court, on March 1, 2016, found the amendment to be valid. Doc. #148. Accordingly, the amendment rendered Garrett the sole beneficiary of the trust, and ordered all remaining funds held by the court clerk paid to Garrett after the attorney fees and costs awarded by the court to UBS were distributed. Doc. #148.

## II.     DISCUSSION

### A. Plaintiff Garrett's Motion for Attorney Fees and Costs

On March 16, 2016, Garrett filed a Motion for Attorney Fees and Costs (Doc. # 151).

"Under Nevada law, attorneys' fees are available only when 'authorized by rule, statute, or contract.' The decision to award attorneys' fees is left to the sound discretion of the district court." *Jamil v. Caesars Entm't Corp.*, No. 2:14-CV-1363 JCM GWF, 2015 WL 4041781, at *2 (D. Nev. July 1, 2015) (quoting *Flamingo Realty, Inc. v. Midwest Dev., Inc.,* 879 P.2d 69 (1994)). No state or federal rules, statutes, contracts, or other authority presented to the court would authorize an award of attorney fees or costs to plaintiff under any circumstance in this action. The only Nevada statute that could be argued by Garrett in this case would be NRS § 18.010, which only authorizes awards of attorney fees to a prevailing party with limited damages. Nev. Rev. Stat. Ann. § 18.010 (West 2016). However, NRS § 18.010 is not helpful to Garrett, because she was not the prevailing party with respect to the interpleader dispute from which UBS's awarded attorney fees and costs were incurred.

Garrett's attorney fees and costs requested in the present Motion were all incurred over a period spanning from March 18, 2014, to November 20, 2014. (Doc. #151, Exhibit A, B). These fees appear to be attributable to Garrett's challenge of UBS's interpleader action. In fact, the family beneficiaries under the Trust were not even designated by the court as plaintiff and

1  defendants in this action until March of 2015. Doc. #71. UBS is the prevailing party with respect
2  to its involvement in this action, which is why UBS was discharged from liability and awarded
3  fees and costs. (Doc. ## 71, 90, 102). For all of these reasons, as well as the discretionary
4  authority of the court, Garrett's Motion related to attorney fees and costs is denied.

5       **B. Plaintiff Garrett's Motion Requesting Permission to Resubmit Request for Sanctions**
6

7  On March 16, 2016, Garrett filed a Motion Requesting Permission to Resubmit Request
8  for Sanctions (Doc. # 152). This filing is actually a Motion to Reconsider issues previously and
9  repeatedly ruled on and decided by the court pursuant to Federal Rule of Civil Procedure 60(b).
10  Garrett's Motion fails to identify newly discovered evidence or an intervening change in
11  controlling law to justify reconsideration under Rule 60. The court therefore presumes that
12  Garrett's Motion is premised on her belief that some portion or portions of the March 10, 2015,
13  Order (Doc. #71), the May 28, 2015 Order (Doc. #91), the January 6, 2016 Order (Doc. #140), or
14  the March 1, 2016 Order (Doc. #148) constitute clear error.

15  Because there has been no new evidence presented, no clear error noted, and no
16  intervening changes in controlling law, this Motion is denied. Moreover, to the extent that any
17  points of Garrett's numerous Motions concerning requests for sanctions have not been addressed
18  by the court, they are denied.

19       **C. Plaintiff Garrett's Motion to Stay Enforcement of Judgment Pending Appeal**
20  Garrett requests that the court stay the judgment of this matter pending appeal. (Doc.
21  #154). Specifically, Garrett seeks to stay distribution of the attorney fees and costs awarded to
22  UBS (Docs. ##91, 102), pending her appeal in this action.

23  Because the outcome of this case on appeal is unknown, the court agrees that it is in the
24  best interest of all parties for the funds to remain in the possession of the court clerk pending
25  appeal and final judgment. The court notes the following contingencies that warrant a stay of
26  enforcement of the judgment and dispersal of the funds deposited with the court: if the court's
27  determination of the trust amendment's validity is overturned on appeal, all beneficiaries'
28  entitlement to trust funds would be substantially altered; if UBS chooses to appeal this court's

1  reduction of its fee request from $55,066.40 to $20,000.00 the distributable amount of the
2  deposited funds to the Trust beneficiary(ies) could also be significantly affected (Doc. ##81, 91);
3  if Garrett successfully appeals this court's award to UBS of its attorney fees and costs, the
4  beneficiary's or beneficiaries' distributable share(s) could again be substantially affected; and
5  finally, UBS may incur additional attorney fees and costs on appeal that may be awarded if the
6  judgment in this action is affirmed on appeal.  For the foregoing reasons, the court agrees that
7  staying the judgment pending appeal, and leaving all funds deposited with the court clerk, is in
8  the best interest of all parties. Therefore, Garrett's Motion requesting a stay to enforce the
9  judgment pending appeal is granted.

10      IT IS THEREFORE ORDERED Garrett's Motion for Leave to File Attorney Fees and
11  Sanctions (Doc. # 151) is DENIED.

12      IT IS FURTHER ORDERED that Garrett's Motion Requesting Permission to Resubmit
13  Request for Sanctions (Doc. # 152) is DENIED.

14      IT IS FURTHER ORDERED that Garrett's Motion for Stay of Judgment Pending Appeal
15  (Doc. # 154) is GRANTED.

16      IT IS SO ORDERED.
17      DATED this 5th day of April, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4