UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

CAROLYN GARRETT,

    Plaintiff,

v.

GARRETT BULLOCK, DIANN MARTIN, CATHERINE HINTZEN, JASON GARRETT,

    Defendants.

3:14-CV-00141-LRH-WGC

ORDER

    Before the court is former-interpleader UBS Financial Services Inc.'s ("UBS") Motion to Lift Stay and Allow for Entry of Judgment for Previously Ordered Award of Attorney Fees and Costs and for Release of Funds Deposited with Clerk of Court Sufficient to Satisfy Judgment. ECF No. 169.[1] Plaintiff Carolyn Garrett filed a response (ECF No. 171), to which UBS replied (ECF No. 174).

    Also before the court are several motions by Plaintiff Carolyn Garrett. ECF Nos. 158,[2] 162. The remaining defendants have not filed a response.

**I.    Factual and procedural background**

    This is a case involving the validity of a trust amendment that initially arose through an interpleader action brought by UBS following the death of Jo Anne Garrett ("Jo Anne"), the Trustor of the Jo Anne Garrett Family Trust Agreement, dated August 12, 2002 (the "Trust").

---

[1] This citation refers to the court's docket number.

[2] This filing appears to include at least four separate motions.

Specifically, certain family members challenged a 2013 trust amendment executed by Jo Anne that left all of her trust assets to her daughter, Carolyn, effectively disinheriting other family members who would have been entitled to distributions under the Trust prior to amendment. On March 10, 2015, UBS, the financial institution that initiated the interpleader and held the trust assets, was discharged. ECF No. 71. Pursuant to the same March 10, 2015 order, UBS deposited the disputed funds, in the amount of $193,194.44, on April 14, 2015, with the court clerk to be held in an interest-bearing account. ECF No. 79. On May 28, 2015, UBS's motion for attorney fees and costs was granted in part, awarding UBS $20,000.00 in attorney fees (ECF No. 91), and on July 10, 2015, $1,060.00 in costs were awarded to UBS by the court clerk (ECF No. 102).

Trial of this matter on the validity of the trust amendment came before the court, sitting without a jury, on February 16, 2016, and the court, on March 1, 2016, found the amendment to be valid. ECF No. 148. Accordingly, the amendment rendered Garrett the sole beneficiary of the trust. Garrett subsequently appealed several of the court's orders to the Ninth Circuit Court of Appeals. ECF Nos. 97, 142, 149. She therefore moved this court to stay judgment pending her appeal (ECF No. 154), including a stay of the distribution of attorney fees and costs awarded to UBS, which the court granted (ECF No. 160). However, after Garrett failed to file an opening brief, the Ninth Circuit dismissed her appeal. ECF Nos. 168, 172.

**II.    Analysis**

**A.    Motion to lift stay**

UBS moves the court to lift the stay and enter judgment so that its attorney fees and costs, plus interest, can be distributed. Garrett opposes lifting the stay, arguing that she believes she can renew her appeal with the Ninth Circuit. ECF No. 172 at 3. UBS counters that Garrett's missed filing deadline is representative of her "regular practice of ignoring deadlines and causing substantial and unnecessary delays . . . ." ECF No. 174 (listing her numerous missed deadlines). UBS argues that this fact, along with Garrett's practice of filing redundant motions, has caused UBS unnecessary delay in receiving its fees and costs and caused it to unnecessarily "expend significant time and effort . . . ." *Id*.

The court agrees with UBS and finds that there is no legitimate reason to further delay entering judgment and distributing UBS's award of attorney fees and costs. Its motion will therefore be granted. Pursuant to the court's prior order (ECF No. 109), UBS is entitled to its fees and costs, plus interest from the date they were awarded to UBS, calculated using the Nevada statutory simple-interest rate. Because this rate was 5.25% at the time, the court calculates that UBS is entitled to $1,369.62 in interest for attorney fees and $66.02 in interest for costs.[3] UBS's total award will therefore be $22,495.34.[4]

### B.     Garrett's remaining motions

Finally, Garrett has filed a series of motions, including motions to amend pleadings, for a new trial, to alter judgment, and to request entry of separate order. *See* ECF No. 158. These requests for relief all appear to stem from her contention that the court's post-trial order "failed to offer the [r]elief" she requested. *Id*. at 2. Garrett contends that the court's determination that she was the rightful beneficiary of the Trust was the only relief offered and that the court failed to determine that she was the rightfully-appointed trustee for the Trust. *Id*. She raises this point in order to once again challenge the court's prior determination that (1) it was reasonable for UBS to file this interpleader action and (2) that, because of UBS's discharge from the case and the Nevada presumption that the 2013 Trust Amendment was void, Garrett was properly joined as a plaintiff rather than as trustee-defendant. *See* ECF Nos. 71, 91.

These arguments are without merit. The court's primary determination following the trial in this case was that the Trust Amendment, the impetus for this interpleader action, was valid. ECF No. 148 at 6. Pursuant to the amended Trust's terms (ECF No. 5-2), the court's order recognized Garrett as trustee and sole beneficiary. ECF No. 148 at 4, 6. Further, in a prior motion

---

[3]   This interest rate is composed of "the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions . . . plus 2 percent." Nev. Rev. Stat. § 17.130. The prime rate during the pertinent periods was 3.25%. *Fees and Prime Interest Rate*, State of Nevada, Dept. of Business & Industry Financial Institutions, http://fid.nv.gov/Resources/Fees_and_Prime_Interest_Rate/. Interest was calculated from May 28, 2015, and July 10, 2015, the dates that attorney fees and costs were respectively awarded (ECF Nos. 91, 102), to the date of this order.

[4]   $20,000.00 + $1,369.62 + $1,060.00 + $66.02.

to reconsider, Garrett already challenged the court's determination that this interpleader action was appropriate and that she was properly joined as a plaintiff in this case. ECF No. 91. These issues have been thoroughly litigated and adjudicated over the course of these proceedings. Because Garrett's motions fail to raise any new issues and fail to demonstrate why judgment should not be entered, they will be denied.

### III. Conclusion

**IT IS THEREFORE ORDERED** that UBS's Motion to Lift Stay and Allow for Entry of Judgment for Previously Ordered Award of Attorney Fees and Costs and for Release of Funds Deposited with Clerk of Court Sufficient to Satisfy Judgment (ECF No. 169) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Carolyn Garrett's motions (ECF Nos. 158, 162) are **DENIED**.

The Clerk of the Court shall enter judgment against the remaining defendants, Garrett Bullock, Diann Martin, Jason Garrett, and Catherine Hintzen, in favor of plaintiff Carolyn Garrett.

The Clerk of the Court shall distribute to UBS a total of $22,495.34 in attorney fees, costs, and interest from the interpleaded funds deposited by UBS with the court (ECF Nos. 79, 83, 93).

The Clerk of the Court shall, after distributing $22,495.34 to UBS, distribute to plaintiff Carolyn Garrett the remaining balance of the interpleaded funds deposited by UBS with the court (ECF Nos. 79, 83, 93).

IT IS SO ORDERED.

DATED this 15th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE